# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

**AUTO-OWNERS INSURANCE COMPANY,**

    **Plaintiff,**

vs.

**SOUTHEASTERN CAR WASH SYSTEMS,
MILLER ELECTRIC, INC., THERESA EVANS,
Individually and d/b/a ISLAND OASIS,
and D'ALTON PROPERTIES, LLC,**

    **Defendants.**

**Civil Action No. 1:15-cv-212**

## ANSWER OF THERESA EVANS, Individually and
## d/b/a ISLAND OASIS and D'ALTON PROPERTIES, LLC
## and CROSS-CLAIM against MILLER ELECTRIC, INC.

COME NOW the Defendants, Theresa Evans, Individually and d/b/a ISLAND OASIS and D'Alton Properties, LLC ("Defendants" or "Evans"), by and through the undersigned counsel and in Answer to the Complaint filed by Auto-Owners Insurance Company and, pursuant to Rule 13 of the Tennessee Rules of Civil Procedure and/or Rule 13 of the Federal Rules of Civil Procedure and assert a cross-claim against Miller Electric, Inc., would show unto this Honorable Court as follows:

### FIRST RESPONSE

Defendants deny that the Plaintiff is entitled to the relief sought in its Complaint for Declaratory Judgment.

### SECOND REPSONSE

Defendants respond to the individually numbered paragraphs in the Complaint as follows:

1.

Defendants have no information to deny or admit the allegations set forth in paragraph 1 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

2.

Defendants have no information to deny or admit the allegations set forth in paragraph 2 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

3.

Defendants have no information to deny or admit the allegations set forth in paragraph 3 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

4.

Responding to the allegations set forth in paragraph 4 of the Complaint, said allegations are admitted.

5.

Responding to the allegations set forth in paragraph 5 of the Complaint, said allegations are admitted.

6.

Defendants have no information to deny or admit the allegations set forth in paragraph 6 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

7.

Defendants have no information to deny or admit the allegations set forth in paragraph 7 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

8.

Defendants have no information to deny or admit the allegations set forth in paragraph 8 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

9.

Defendants have no information to deny or admit the allegations set forth in paragraph 9 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

10.

Defendants have no information to deny or admit the allegations set forth in paragraph 10 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

11.

Responding to paragraph 11 of the Complaint, said allegations are admitted.

12.

Responding to the allegations contained in paragraph 12 of the Complaint, the Plaintiffs deny same, as all of the named parties in the lawsuit are Tennessee residents or businesses.

13.

Responding to the allegations contained in paragraph 13 of the Complaint, all of the persons in the original complaint are Tennessee residents or businesses.

14.

The allegations contained in paragraph 14 of the Complaint are denied, as alleged, and strict proof is demanded of same. Southeastern Car Wash Systems is not its own entity. Instead, it is a division or arm of Miller Electric, Inc. The address of Southeastern Car Wash Systems, 135 Beech St. – Dover, TN 37058 is the same as Miller Electric, Inc. The phone number of Miller Electric, Inc. (931-232-9588), curiously, is the facsimile number of Southeastern Car Wash Systems, as referenced on their contract with Theresa Evans. **Exhibit A.** If you go to the "About Us" page of Southeastern Car Wash Systems (**Exhibit B)**, it clearly and unequivocally states that "Southeastern Car Wash Systems is a division of Miller Electric Incorporated and is headquartered in the great state of Tennessee. For nearly 20 years Miller Electric, Inc. has been directly involved in the planning, constructing, maintaining, operation, equipment installation, and success of Professional Car Wash Facilities throughout the southeastern United States."

15.

The allegations contained in paragraph 15 of this Complaint are denied, as alleged, and strict proof is demanded thereof. See Answer to paragraph 14, above.

16.

The allegations contained in paragraph 16 of this Complaint are denied, as alleged, and strict proof is demanded thereof. See Answer to paragraph 14, above.

17.

The allegations contained in paragraph 17 of the Complaint are admitted.

18.

The allegations contained in paragraph 18 of the Complaint are denied, as alleged, and strict proof is demanded of same. The Complaint speaks for itself.

19.

The allegations contained in paragraph 19 of the Complaint are admitted.

20.

The allegations contained in paragraph 20 of the Complaint are admitted.

21.

The allegations contained in paragraph 21 of the Complaint are admitted.

22.

The allegations contained in paragraph 22 of the Complaint are admitted.

23.

The allegations contained in paragraph 23 of the Complaint are admitted.

24.

The allegations contained in paragraph 24 of the Complaint are admitted.

25.

Defendants have no information to deny or admit the allegations set forth in paragraph 25 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

26.

The allegations contained in paragraph 26 of the Complaint are admitted.

27.

Defendants have no information to deny or admit the allegations set forth in paragraph 27 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

28.

Defendants have no information to deny or admit the allegations set forth in paragraph 28 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

29.

Defendants have no information to deny or admit the allegations set forth in paragraph 29 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

30.

Defendants have no information to deny or admit the allegations set forth in paragraph 30 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

31.

Defendants have no information to deny or admit the allegations set forth in paragraph 31 of the Complaint; accordingly said allegations are denied, as alleged, and strict proof is demanded thereof.

32.

Defendants have no information to deny or admit the allegations set forth in paragraph 32 of the Complaint other than the policy, if correct, speaks for itself; accordingly said allegations are

denied, as alleged, and strict proof is demanded thereof. Alternatively, Section II of the policy on stamped page 6 of 20, paragraph 4 clearly and unequivocally states, "Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization." Southeastern Car Wash Systems is not a partnership, joint venture or limited liability company. It is a "division" of Miller Electric, Inc. See Exhibit B and the Answer to paragraph 14, above. Further, the "Exclusions" paragraphs on stamped page 7 of 20 do not cover Defendants' loss of use, loss of income and/or loss of reputation in the small town of Cleveland, Tennessee.

33.

The allegations contained in paragraph 33 of the Complaint are admitted.

34.

The allegations contained in paragraph 34 of the Complaint are admitted.

35.

Responding to paragraph 35 of this Complaint, our original Complaint speaks for itself.

36.

Responding to paragraph 36 of this Complaint, our original Complaint speaks for itself.

37.

Responding to paragraph 37 of this Complaint, our original Complaint speaks for itself.

38.

Responding to paragraph 38 of this Complaint, our original Complaint speaks for itself.

39.

Responding to paragraph 39 of this Complaint, the engineering company that was hired was Mesa, not Masa.

40.

Responding to paragraph 40 of this Complaint, Mesa Engineering rendered a report that identified two issues with the car wash.

41.

Responding to paragraph 41 of this Complaint, our original Complaint speaks for itself.

42.

Responding to paragraph 42 of this Complaint, our original Complaint speaks for itself.

43.

Responding to paragraph 43 of this Complaint, our original Complaint speaks for itself.

44.

Responding to paragraph 44 of this Complaint, Mesa believed that the sensors and systems should be recalibrated.  We do not know that this would have been the responsibility of the manufacturer.   It is our position that this would be the responsibility of Southeastern and/or Miller Electric, Inc..

45.

Responding to paragraph 45 of this Complaint, our original Complaint speaks for itself.

46.

Responding to paragraph 46 of this Complaint, our original Complaint speaks for itself.

47.

Responding to paragraph 47 of this Complaint, our original Complaint speaks for itself.

48.

Responding to paragraph 48 of this Complaint, our original Complaint speaks for itself.

49.

Responding to paragraph 49 of this Complaint, our original Complaint speaks for itself.

50.

Responding to paragraph 50 of this Complaint, our original Complaint speaks for itself.

51.

Responding to paragraph 51 of this Complaint, our original Complaint speaks for itself.

52.

Responding to paragraph 52 of this Complaint, our original Complaint speaks for itself.

53.

Responding to paragraph 53 of this Complaint, our original Complaint speaks for itself.

54.

Responding to paragraph 54 of this Complaint, our original Complaint speaks for itself.

55.

Responding to paragraph 55 of this Complaint, our original Complaint speaks for itself.

56.

Responding to paragraph 56 of this Complaint, our original Complaint speaks for itself.

57.

Responding to paragraph 57 of this Complaint, our original Complaint speaks for itself.

58.

Responding to paragraph 58 of this Complaint, our original Complaint speaks for itself.

59.

Responding to paragraph 59 of this Complaint, our original Complaint speaks for itself.

60.

Responding to paragraph 60 of this Complaint, our original Complaint speaks for itself.

61.

Responding to paragraph 61 of this Complaint, our original Complaint speaks for itself.

62.

Responding to paragraph 62 of this Complaint, our original Complaint speaks for itself.

63.

Responding to paragraph 63 of this Complaint, Defendants have no information to admit or deny said allegations, accordingly, they are denied as alleged and strict proof is demanded of same.

64.

Responding to paragraph 64 of this Complaint, Defendants have no information to admit or deny said allegations, accordingly, they are denied as alleged and strict proof is demanded of same.

65.

The allegations contained in paragraph 65 of this Complaint are denied, as alleged, and strict proof is demanded of same.  The claims brought by Defendants are not excluded from the Policy.

66.

Responding to paragraph 66 of this Complaint, Defendants have no information to admit or deny said allegations, accordingly, they are denied as alleged and strict proof is demanded of same.

67.

Responding to paragraph 67 of this Complaint, Defendants have no information to admit or deny said allegations, accordingly, they are denied as alleged and strict proof is demanded of same.

However, it is specifically averred that Southeastern's name does not have to be on the policy, as it is not a separate corporation, joint venture, partnership or any other entity registered with the Tennessee Secretary of State. Instead, it is merely a "division" of Miller Electric, Inc. that carries on the business described in **Exhibit B.**

68.

Responding to paragraph 68 of this Complaint, Defendants have no information to admit or deny said allegations, accordingly, they are denied as alleged and strict proof is demanded of same.

69.

The allegations contained a paragraph 69 of this Complaint are denied, as alleged, and strict proof is demanded of same. Southeastern is a division of Miller Electric, Inc., carrying on the business of Miller Electric, Inc.

70.

The allegations contained in paragraph 70 of this Complaint are denied, as alleged, and strict proof is demanded thereof. See **Exhibit B** and Answer to paragraph 14, above.

71.

Responding to the allegations in paragraph 71 of this Complaint, Southeastern does have its on website; however, Plaintiff has neglected to read all portions of the website. See **Exhibit B** and the Answer to paragraph 14, above.

72.

Responding to the allegations contained in paragraph 72 of the Complaint, at the time of drafting, Defendants were only aware of the business known as Southeastern Car Wash Systems. Defendants reserve the right to amend their original Complaint and file a Countercomplaint in this

action if the entity exists under a different legal name. That is simply part of the ordinary discovery process.

73.

Responding to paragraph 73 of this Complaint, Defendants have no information to admit or deny said allegations, accordingly, they are denied as alleged and strict proof is demanded of same. Furthermore, if Southeastern is a "division" of Miller Electric, Inc., then this allegation is wholly irrelevant.

74.

Responding to paragraph 74 of this Complaint, Defendants have no information to admit or deny said allegations, accordingly, they are denied as alleged and strict proof is demanded of same. Furthermore, if Southeastern is a "division" of Miller Electric, Inc., then this allegation is wholly irrelevant.

75.

Responding to supposed allegations from paragraphs 74 to 85, the Defendants have not been served with paragraphs 75 to 85.

85.

Responding to the allegations set forth in paragraph 85 of the Complaint, it is admitted that that there is a claim that Evans incurred lost profits, loss of reputation and any and all other economic loss as a result of problems with the Island Oasis Car Wash.

86.

The allegations contained in paragraph 86 of the Complaint are denied, as alleged, and strict proof is demanded of same. These allegations are not in the "exclusions" section of the Policy attached to this Complaint.

87.

The allegations contained in paragraph 87 of the Complaint are denied, as alleged, and strict proof is demanded of same. The Defendants (or more properly the Plaintiffs in the original action) would assert that they have been damaged by reputation in a small town and that the losses from people not coming to the Car Wash are real and ascertainable due to the negligence of Southeastern Car Wash Systems and Miller and the widespread knowledge that the Car Wash will cause damage and is a failure, in and of itself

88.

Responding to the allegations contained in paragraph 88 of the Complaint, page 1 of the policy sets forth a $1,000,000.00 limit for each occurrence. The exclusion section found at page 4 of 56 of this policy does not include loss of reputation or loss of business income due to bodily injury or property damage.

89.

The allegations contained in paragraph 89 of the Complaint are denied, as alleged, and strict proof is demanded of same.

90.

The allegations contained in paragraph 90 of the Complaint are denied, as alleged, and strict proof is demanded of same. Again, loss of profits, loss of income and loss of reputation as a result of the failures of Southeastern and/or Miller are not contained in these exclusions.

91.

The allegations contained in paragraph 91 of the Complaint are denied, as alleged, and strict proof is demanded of same. Again, loss of profits, loss of income and loss of reputation as a result of the failures of Southeastern and/or Miller are not contained in these exclusions.

92.

The allegations contained in paragraph 92 of the Complaint are denied, as alleged, and strict proof is demanded of same. Again, loss of profits, loss of income and loss of reputation as a result of the failures of Southeastern and/or Miller are not contained in these exclusions.

93.

The allegations contained in paragraph 93 of the Complaint are denied, as alleged, and strict proof is demanded of same. Again, loss of profits, loss of income, loss of reputation as a result of the failures of Southeastern and/or Miller and attorneys fees are not contained in these exclusions.

94.

The allegations contained in paragraph 94 of the Complaint are denied, as alleged, and strict proof is demanded of same. See Answer to paragraph 93, above.

95.

Responding to the allegations contained in paragraph 95 of the Complaint, Southeastern Car Wash Systems is Miller Electric, Inc. See **Exhibit B** and the Answer to paragraph 14, above.

96.

The allegations contained in paragraph 96 of this Complaint are denied, as alleged, and strict proof is demanded of same.

97.

The allegations contained in paragraph 97 of this Complaint are denied, as alleged, and strict proof is demanded of same.

98.

The allegations contained in paragraph 98 of this Complaint are denied, as alleged, and strict proof is demanded of same.

99.

The allegations contained in paragraph 99 of this Complaint are denied, as alleged, and strict proof is demanded of same.

100.

Responding to the allegations set forth in paragraph 100 of the Complaint, it is admitted that Southeastern is a proper party regarding the allegations set forth in the Original Complaint filed in Bradley County Circuit Court.

101.

Responding to the allegations contained in paragraph 101 of the Complaint, the Defendants have no information to accept or deny same. Accordingly, all such allegations are denied, as alleged, and strict proof is demanded of same. It is further averred, as more fully set forth in the Answer to paragraph 14, above, that Southeastern and Miller Electric, Inc. are synonymous.

102.

The allegations contained in paragraph 102 are admitted.

103.

The allegations contained in paragraph 103 are admitted.

104.

The allegations contained in paragraph 104 of this Complaint are denied, as alleged, and strict proof is demanded of same.

105.

Responding to the allegations in paragraph 105 of the Complaint, the Defendants have no information to accept or deny same. Accordingly, all such allegations are denied, as alleged, and strict proof is demanded of same.

WHEREFORE, the Defendants, Theresa Evans, Individually and d/b/a Island Oasis and D'Alton Properties, LLC, pray that this action be hence dismissed and that this Honorable Court Order that this Policy covers both Miller Electric, Inc. and Southeastern Car Wash Systems, as they are synonymous with one another in that Southeastern is a division of Miller Electric, Inc, they share the same address, type of business, management and phone number.

## DEFENDANTS' CROSS-CLAIM AGAINST MILLER ELECTRIC, INC.

Defendants, Theresa Evans, Individually and d/b/a ISLAND OASIS and D'Alton Properties, LLC ("Defendants" or "Evans"), by and through the undersigned counsel, pursuant to Rule 13 of both or either of the Tennessee Rules of Civil Procedure and the Federal Rules of Civil Procedure, now assume the role of cross-plaintiffs and assert the following cross-claim against Miller Electric, Inc.:

1. Cross-plaintiffs incorporate by reference all Answers set forth above as though stated verbatim herein.

2. Southeastern Car Wash System is not a real, separate business entity, but instead is merely a "division" of Miller Electric, Inc., who admits same and even itself purports to be in the car wash business. See **Exhibit B** and the Answer to paragraph 14, above.

3. Said information was only determined through discovery and pleadings.

4. Miller Electric, Inc. is an active corporate entity with the Tennessee Secretary of State, and its Control Number is 000463713.

5. To the extent that it is more proper, as a legal or procedural matter, to sue the corporation, Miller Electric, Inc., which is registered with the Tennessee Secretary of State, than its "division," Southeastern, Cross-Plaintiffs here and now sue Miller Electric, Inc. and adopt and assert all allegations, paragraphs and prayers for relief against Southeastern contained in the underlying

Complaint filed in the Bradley County Circuit Court and attached to this Complaint as Exhibit 1 and demand relief inasmuch as we demanded the same relief from Southeastern.

6. Being synonymous with Southeastern, Miller Electric, Inc. has already been served with process, as well as this Complaint, and is aware of all allegations and is a party to this suit.

7. Cross-Plaintiffs hereby reserve the right to correct any errors regarding names in the original, underlying Complaint.

Respectfully submitted,

JONES & ASSOSCIATES

By: __*/s/ Kent T. Jones*__
KENT T. JONES (BPR # 20158)
JONES & ASSOCIATES
1-B Paulmar Drive
Chattanooga, TN 37415
Phone: (423) 424-6208
Fax: (423) 794-5339
Joneslaw08@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 6, 2015, a copy of the within and foregoing document was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's filing system. Parties may access this filing through the Court's system. There are parties that have been served; however counsel may or not be unknown.

Dean T. Howell, Esq. (dhowell@wmbac.com)
Howard E. Jarvis, Esq. (jarvish@wmbac.com)
April A. Carr, Esq. (acarr@wmbac.com)
Woolf, McClane, Bright, Allen & Carpenter, PLLC
*Attorneys for Plaintiff Auto-Owners Insurance Company*
Post Office Box 900
Knoxville, TN 37901-0900

Jerry Tidwell, Esq.
Tidwell, Izell & Richardson
*Attorneys for Southeastern Car Wash Systems and Miller Electric, Inc.*
736 Market Street, Suite 1550
P.O. Box 4369
Chattanooga, TN 37402

This 6th day of September, 2015

    ***/s/ Kent T. Jones***_____
KENT T. JONES
*Attorneys for Theresa Evans, individually and d/b/a Island Oasis, and D'Alton Properties, LLC.*