**THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF TENNESSEE, SOUTHERN DIVISION**

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Docket No. 1:15-CV-00212 ) EIGHT (8) PERSON JURY DEMANDED |
| SOUTHEASTERN CAR WASH SYSTEMS, MILLER ELECTRIC, INC., THERESA EVANS, individually and D/B/A ISLAND OASIS, and D'ALTON PROPERTIES, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

**ANSWER OF MILLER ELECTRIC, INC., D/B/A SOUTHEASTERN CAR WASH SYSTEMS, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Come now the defendant, Miller Electric, Inc., d/b/a Southeastern Car Wash Systems, and/or Southeastern Car Wash Systems, a wholly owned division of Miller Electric, Inc., by and through counsel, and for Answer to the Complaint filed against it says as follows:

1. Upon information and belief, the allegations contained in paragraph 1 of the Complaint are admitted.

2. For answer to the allegations contained in paragraph 2 of the Complaint, it is admitted that Southeastern Car Wash Systems is a "d/b/a" name used by Miller Electric, Inc. and/or that Southeastern Car Wash Systems is a wholly owned division of Miller Electric, Inc. Miller Electric, Inc. has its principal place of business in Dover, Stewart County, Tennessee. It is admitted that Southeastern Car Wash Systems is not a separate, incorporated business organization from Miller Electric, Inc.

3. The allegations contained in paragraph 3 of the Complaint are admitted.

4. Upon information and belief, the allegations contained in paragraph 4 of the Complaint are admitted.

5. Upon information and belief, the allegations contained in paragraph 5 of the Complaint are admitted.

6. The allegations contained in paragraphs 6, 7, 8, 9, 10, 11, 12, and 13 of the Complaint, related to jurisdiction and venue, are admitted.

7. The allegations contained in paragraphs 14, 15, and 16 of the Complaint do not appear to require a response from this defendant. To the extent that a response is required, this defendant denies that there is no duty under the Auto Owners policy for Auto Owners to defend or indemnify Southeastern Car Wash Systems in the lawsuit brought by the underlying plaintiffs in the Bradley County Circuit Court.

8. For answer to the allegations contained in paragraphs 17, 18, 19, 20, 21, 22, 23, and 24, it is admitted that a state court lawsuit styled <u>Teresa Evans d/b/a Island Oasis and D'Alton Properties, LLC vs. Southeastern Car Wash Systems and D and S Car Wash Equipment Company and John Does</u> has been filed in the Bradley County Circuit Court, Docket No. V15-287. It is admitted that the lawsuit seeks damages against the defendants as indicated in paragraphs 19, 20, 21, 22, 23, and 24.

9. The allegations contained in paragraphs 25 and 26 of the Complaint, concerning the insurance policy limit, which exceeds the amount in controversy requirement of $75,000.00, are admitted.

10. The allegations contained in paragraph 27 of the Complaint are admitted.

11. The allegations contained in paragraph 28 of the Complaint are admitted.

12. The allegations contained in paragraph 29 of the Complaint are admitted.

13. The allegations contained in paragraph 30 of the Complaint are admitted.

14. For answer to the allegations contained in paragraphs 31 and 32 of the Complaint, it is admitted that a policy was attached marked as Exhibit 2 to the Complaint and that the policy contains the language as referenced. The defendant relies upon the whole policy as attached thereto, and asks the court to review the excerpted sections in context with the entire policy, as required under Tennessee law.

15. The allegations contained in paragraph 33 of the Complaint are admitted.

16. The allegations contained in paragraph 34 of the Complaint are admitted.

17. For answer to the allegations contained in paragraphs 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, and 62 of the Complaint, it is admitted that the Complaint filed in Bradley County Circuit Court makes the referenced allegations and seeks the referenced damages. The defendant relies upon the Complaint filed in Bradley County Circuit Court, which speaks for itself.

18. The allegations contained in paragraph 63 of the Complaint are admitted.

19. For answer to the allegations contained in paragraph 64 of the Complaint, it is admitted that Auto Owners has provided a defense to Southeastern Car Wash Systems in the underlying lawsuit. This defendant is without sufficient information from which to form a reasonable belief as to the truth of the allegations contained in paragraph 19 related to the specific rights reserved by Auto Owners in its reservation of rights, and as such the same are denied and strict proof demanded thereof.

20. The allegations contained in paragraph 65 of the Complaint are denied.

21. For answer to the allegations contained in paragraph 66 of the Complaint, it is admitted that Miller Electric, Inc., d/b/a Southeastern Car Wash Systems, applied for a policy

of insurance within the approximate time frame referenced therein. The Complaint references an application, but the same is not attached thereto; as such, this defendant has insufficient information from which to either admit or deny the specific date and contents of the application, and therefore the defendant denies the same and demands strict proof thereof. The defendant affirmatively avers that the policy of insurance was issued and Miller Electric, Inc., through its sole owners and employees Martin Miller and Sonia Miller, made payments for the premiums on the policy through a Regions Bank account in the name of Southeastern Car Wash Systems for each subsequent renewal of the policy, up to and including the relevant time period.

22. For answer to the allegations contained in paragraph 67 of the Complaint, this defendant is without sufficient information from which to form a reasonable belief as to the truth of the allegations contained in paragraph 67 related to the contents of the application for insurance. The application was not attached to the plaintiff's Complaint for Declaratory Judgment. As such, this defendant can neither admit or deny the truth of the allegations contained in paragraph 67 of the Complaint, and the same are denied and strict proof demanded thereof.

23. For answer to the allegations contained in paragraph 68 of the Complaint, defendant objects to the use of the term "formed" without further definition. It is admitted that Miller Electric, Inc. began operating doing business as "d/b/a" Southeastern Car Wash Systems in approximately 2010, but it is expressly denied that Southeastern Car Wash Systems is a separate business organization. No separate organization or entity was ever created using the name Southeastern Car Wash Systems. Southeastern Car Wash Systems is simply a "d/b/a" name for Miller Electric, Inc., and/or a wholly owned division of Miller Electric, Inc.

24.     The allegations contained in paragraph 69 of the Complaint are denied. It is admitted that Miller Electric, Inc. began operating doing business as "d/b/a" Southeastern Car Wash Systems in approximately 2010, but it is expressly denied that Southeastern Car Wash Systems is a separate business organization. No separate organization or entity was ever created using the name Southeastern Car Wash Systems. Southeastern Car Wash Systems is simply a "d/b/a" name for Miller Electric, Inc., and/or a wholly owned division of Miller Electric, Inc. Southeastern Car Wash Systems operates using the same Federal tax identification number as Miller Electric, Inc.; Martin and Sonia Miller file taxes annually with the Internal Revenue Service for Miller Electric, Inc. Any and all income made using the Southeastern Car Wash Systems "d/b/a" name is treated as income of Miller Electric, Inc. for tax and all other purposes. Martin and Sonia Miller are the only employees of Miller Electric, Inc. and Miller Electric, Inc. d/b/a Southeastern Car Wash Systems. Southeastern Car Wash Systems was never created as a separate business entity from Miller Electric, Inc., and Miller Electric, Inc. has no other source of income other than the income generated using the "d/b/a" name of Southeastern Car Wash Systems and/or from its wholly owned division, Southeastern Car Wash Systems.

25.     The allegations contained in paragraph 70 of the Complaint are denied. It is admitted that Miller Electric, Inc. began operating doing business as "d/b/a" Southeastern Car Wash Systems in approximately 2010, but it is expressly denied that Southeastern Car Wash Systems is a separate business organization. No separate organization or entity was ever created using the name Southeastern Car Wash Systems. Southeastern Car Wash Systems is simply a "d/b/a" name for Miller Electric, Inc., and/or a wholly owned division of Miller Electric, Inc. Southeastern Car Wash Systems operates using the same Federal tax

identification number as Miller Electric, Inc.; Martin and Sonia Miller file taxes annually with the Internal Revenue Service for Miller Electric, Inc. Any and all income made using the Southeastern Car Wash Systems "d/b/a" name is treated as income of Miller Electric, Inc. for tax and all other purposes. Martin and Sonia Miller are the only employees of Miller Electric, Inc. and Miller Electric, Inc. d/b/a Southeastern Car Wash Systems. Southeastern Car Wash Systems was never created as a separate business entity from Miller Electric, Inc., and Miller Electric, Inc. has no other source of income other than the income generated using the "d/b/a" name of Southeastern Car Wash Systems and/or from its wholly owned division, Southeastern Car Wash Systems.

26. For answer to the allegations contained in paragraph 71 of the Complaint, it is admitted that Miller Electric, Inc., through its wholly owned division, and/or "d/b/a" name Southeastern Car Wash Systems, uses a website to advertise its services. However, it is expressly denied that Southeastern Car Wash Systems operates as a separate entity from Miller Electric, Inc., as it was never created as a separate entity. See the answer to paragraphs 69 and 70 above.

27. For answer to the allegations contained in paragraph 72 of the Complaint, it is admitted that the contract that is the subject of the underlying lawsuit was entered into by Martin Miller, principal and one of the two sole shareholders of Miller Electric, Inc., through its "d/b/a" name and/or wholly owned division, Southeastern Car Wash Systems.

28. For answer to the allegations contained in paragraph 73 of the Complaint, it is admitted that invoices have been issued using the "d/b/a" name Southeastern Car Wash Systems. However, it is expressly denied that doing so somehow created a separate business

organization or entity. Southeastern Car Wash Systems operates under the same federal tax identification number as Miller Electric, Inc. and is for all intents and purposes, the same entity.

29. For answer to the allegations contained in paragraph 74 of the Complaint, it is admitted that the sole shareholders of Miller Electric, Inc., Martin Miller and Sonya Miller, use email addresses with the name "secarwash.com".

30. The allegations contained in paragraph 75 of the Complaint are denied. Although Martin Miller signed the contract on behalf of Southeastern Car Wash Systems, the "d/b/a" name and/or wholly owned division of Miller Electric, Inc., Martin Miller is the majority shareholder of Miller Electric, Inc., and he signed the contract in his capacity as such.

31. The allegations contained in paragraph 76 of the Complaint are denied. In particular, although invoices have been issued in the "d/b/a" name of Southeastern Car Wash Systems, those invoices were issued on behalf of Miller Electric, Inc., as Miller Electric, Inc. and Southeastern Car Wash Systems are for all intents and purposes the same entity.

32. The allegations contained in paragraph 77 of the Complaint are denied as stated. In particular, Miller Electric, Inc. does business in the name of Southeastern Car Wash Systems.

33. The allegations contained in paragraph 78 of the Complaint are denied.

34. The allegations contained in paragraph 79 of the Complaint are denied.

35. The allegations contained in paragraph 80 of the Complaint are denied.

36. The allegations contained in paragraph 81 of the Complaint are denied.

37. The allegations contained in paragraph 82 of the Complaint are denied.

38. For answer to the allegations contained in paragraph 83 of the Complaint, it is denied that the referenced exclusion is applicable to the facts alleged in the lawsuit filed in Bradley County Circuit Court.

39. For answer to the allegations contained in paragraph 84 of the Complaint, it is denied that the referenced exclusion is applicable to the facts alleged in the lawsuit filed in Bradley County Circuit Court.

40. The allegations contained in paragraphs 85 and 86 of the Complaint are denied as stated. In particular, although lost profits and economic losses are one aspect of the damages alleged in the Complaint filed in Bradley County Circuit Court, the Complaint also alleges claims for damages for injury to personal property.

41. For answer to the allegations contained in paragraph 87 of the Complaint, this defendant is without sufficient information regarding whether the claims for damages paid to owners of vehicles damaged in the car wash meet the definition of property damage used in the policy and as such the allegations pertaining thereto are denied and strict proof demanded thereof.

42. For answer to the allegations contained in paragraph 88 and 89 of the Complaint, it is denied that the referenced exclusion is applicable to the facts alleged in the lawsuit filed in the Bradley County Circuit Court.

43. The allegations contained in paragraphs 90, 91 and 92 of the Complaint are denied.

44. The allegations contained in paragraph 93 of the Complaint are denied.

45. The allegations contained in paragraph 94 of the Complaint are denied.

46. The allegations contained in paragraph 95 and 96 of the Complaint are denied. Additionally, this defendant affirmatively avers that Miller Electric, Inc. did not transfer its rights under the policy to Southeastern Car Wash Systems at any time.

47. The allegations contained in paragraphs 97, 98 and 99 of the Complaint are denied.

48. For answer to the allegations contained in paragraphs 100 of the Complaint, it is denied that Southeastern Car Wash Systems is a separate entity from Miller Electric, Inc., but it is admitted that Southeastern has been sued as such and that it has sought coverage under the Auto Owners policy at issue, and therefore for that purpose Southeastern Car Wash Systems is a proper party to this declaratory judgment action.

49. The allegations contained in paragraphs 101, 102, 103, 104, and 105 of the Complaint are admitted.

50. For answer to the plaintiff's prayer for relief, it is denied that plaintiff is entitled to the relief sought therein.

**AND NOW HAVING FULLY ANSWERED,** this defendant demands a jury of eight (8) persons to try this case.

**AND FURTHER, HAVING FULLY ANSWERED,** this Defendant assumes the role of counter-plaintiff and asserts the following counterclaim against Auto-Owners Insurance Company. As stated more fully below, the counter-plaintiff requests that the court declare that there is coverage for Miller Electric, Inc., d/b/a Southeastern Car Wash Systems, and/or Southeastern Car Wash Systems, a wholly owned division of Miller Electric, Inc. under the insurance policy issued to Miller Electric, Inc. for the allegations made by Theresa Evans, individually and d/b/a Island Oasis, and D'Alton Properties, LLC in the Circuit Court for Bradley County, Tennessee, and,

accordingly, because there is coverage under the policy, Auto Owners has a duty to defend and indemnify Southeastern Car Wash Systems for those claims as a matter of law.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Comes now the Defendant/Counter-Plaintiff, Miller Electric, Inc., d/b/a Southeastern Car Wash Systems, and/or Southeastern Car Wash Systems, a wholly owned division of Miller Electric, Inc. ("counter-plaintiff"), pursuant to Rule 13 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and asserts the following counter-claim against the Plaintiff/Counter-Defendant, Auto-Owners Insurance Company ("counter-defendant"). In particular, the counter-plaintiff says as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This counterclaim is brought pursuant to Rule 13 of the Federal Rules of Civil Procedure, as (1) the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (2) does not require adding another party over whom the court cannot acquire jurisdiction.

2. Additionally, this Court has jurisdiction over this matter in accordance with 28 U.S.C. § 1332 as there is diversity of citizenship between the counter-plaintiff, Miller Electric, Inc. d/b/a Southeastern Car Wash Systems, and/or Southeastern Car Wash Systems, a wholly owned division of Miller Electric, Inc., a Tennessee corporation with its principal place of business in Dover, Stewart County, Tennessee, and the counter-defendant, Auto-Owners Insurance Company, a Michigan corporation with its principal place of business located in Lansing, Michigan.

3. A substantial portion of the events, acts, and/or omissions giving rise to this counter-claim occurred in Hamilton County, Tennessee, in the Eastern District of Tennessee.

4. The plaintiff and defendant have maintained the minimum contacts with the forum of the United States District Court for the Eastern District of Tennessee in relation to this counter-claim and consequently this Court has jurisdiction over both plaintiff and defendant.

**FACTUAL BACKGROUND**

5. Martin and Sonia Miller are husband and wife. They reside in Stewart County, Tennessee.

6. Martin and Sonia Miller have been working in the business of distribution and installation of car wash equipment since the 1990s. Since that time, Mr. and Mrs. Miller have used Mann, Smith & Cummings, an insurance agent based in Clarkesville, Tennessee, for their business insurance needs.

7. In 2004, Martin Miller and Sonia Miller made an initial filing with the State of Tennessee Secretary of State, to incorporate an entity named Miller Electric, Inc. A copy of the certificate of incorporation from the State of Tennessee for Miller Electric, Inc. is attached hereto as **Exhibit 1**.

8. Martin Miller and Sonia Miller have been the sole shareholders of Miller Electric, Inc. since the entity was created in 2004. A copy of the By-Laws of Miller Electric, Inc. is attached hereto as **Exhibit 2**. Since that time, the primary business of Miller Electric, Inc. has been the installation of carwash equipment.

9. In 2010, Miller Electric, Inc. entered into an agreement with D & S Car Wash Equipment Company, a manufacturer of car wash equipment, to distribute and install car wash equipment. At that time, Miller Electric, Inc. began operating using the "d/b/a" name of Southeastern Car Wash Systems.

10. Southeastern Car Wash Systems is simply a "d/b/a" name for Miller Electric,

Inc. Alternatively, Southeastern Car Wash Systems is for all intents and purposes a wholly owned division of Miller Electric, Inc. No separate organization or entity was ever created using the name Southeastern Car Wash Systems.

11. Since 2010, Miller Electric, Inc. has not conducted any other business other than the distribution and installation of car wash equipment under the "d/b/a" name of Southeastern Car Wash Systems. Miller Electric, Inc. has no other source of income other than the income generated using the "d/b/a" name of Southeastern Car Wash Systems distributing and installing car wash equipment. The "d/b/a" name of Southeastern Car Wash Systems operates using the same Federal Tax ID # as Miller Electric, Inc. Martin and Sonia Miller file taxes annually with the Internal Revenue Service for Miller Electric, Inc. Any and all income made using the Southeastern Car Wash Systems "d/b/a" name is treated as income of Miller Electric, Inc. for tax and all other purposes.

12. In 2010, a separate bank account was opened by Martin Miller and Sonia Miller with Regions Bank in Dover, Tennessee, in the "d/b/a" name of "Southeastern D&S Car Wash Systems." The sole account holders and signatories on the bank account are Martin Miller and Sonia Miller, the sole shareholders of Miller Electric, Inc.

13. In approximately 2010, insurance agent Mann, Smith & Cummings of Clarkesville procured a policy of commercial general liability insurance for Miller Electric, Inc. with Auto-Owners Insurance Company. That policy has been renewed each subsequent year since 2010, until the renewal effective July 23, 2014 to July 23, 2015, which is the subject of this lawsuit. (See Exhibit 2 to the Complaint [Doc. 1] filed by Auto Owners in this matter).

14. At all times relevant hereto, Martin and Sonia Miller paid premiums to Auto Owners Insurance Company for each subsequent renewal of the policy issued to Miller

Electric, Inc. using the Southeastern D&S Car Wash Systems Regions Bank account. In particular, from at least September 2010 until November 2013, Mr. and Mrs. Miller made payments on a monthly basis to Auto Owners Insurance Company using the Southeastern D&S Car Wash Systems Regions Bank account. In December 2013, June 2014, and July 2014, Mr. and Mrs. Miller paid the annual premium in full for the year. A copy of the Regions bank account records and receipts for payments of premiums dating back to September 2010 is attached hereto as **Exhibit 3**.

15. On April 14, 2015, a Complaint was filed by Theresa Evans, Theresa Evans d/b/a Island Oasis, and D'Alton Properties, LLC, in the Circuit Court for Bradley County, Tennessee against Southeastern Car Wash Systems and D&S Car Wash Equipment Company and John Does, Docket No. V-15-287. (See Exhibit 1 to Complaint [Doc. 1] filed by Auto Owners in this matter).

16. In the Complaint (Exhibit 1 to Complaint [Doc. 1] filed by Auto Owners in this matter), the plaintiffs allege claims against defendants for breach of contract, injury to personal property resulting from the negligence and/or recklessness of the defendants, and various losses allegedly related to the negligent installation/repair of a car wash system.

17. At all times relevant to the allegations made in the Complaint filed in Bradley County (Exhibit 1 to Complaint [Doc. 1] filed by Auto Owners in this matter), Miller Electric, Inc. was covered by the aforementioned policy of insurance issued by Auto Owners effective July 23, 2014 to July 23, 2015.

18. Martin and Sonia Miller, the sole shareholders of Miller Electric, Inc., have asked Auto Owners Insurance Company to defend Southeastern Car Wash Systems, the "d/b/a"

name for Miller Electric, Inc. and/or wholly owned division of Miller Electric, Inc., in the Bradley County lawsuit.

19. Auto Owners has undertaken to provide a defense to Southeastern Car Wash Systems in the Bradley County lawsuit, subject to a reservation of rights, and has now filed this lawsuit asking the court to declare that there is no coverage for the claims brought by the plaintiffs in Bradley County Circuit Court, and consequently that there is no duty to defend or indemnify Southeastern Car Wash Systems.

## RELIEF SOUGHT HEREIN:

20. The claims alleged against Southeastern Car Wash Systems in the Complaint filed in Bradley County Circuit Court include negligence and breach of contract. At all times relevant thereto, Southeastern Car Wash Systems was operating as a "d/b/a" name of Miller Electric, Inc., and/or as a wholly owned division of Miller Electric, Inc. As such, Southeastern Car Wash Systems is entitled to coverage under the insurance policy issued to Miller Electric, Inc. for the claims alleged therein.

21. Southeastern Car Wash Systems, through Martin and Sonia Miller and Miller Electric, Inc., has requested that Auto Owners provide it with a defense under the policy for the lawsuit brought in the Bradley County Circuit Court. At this time, Auto Owners is defending Southeastern Car Wash Systems in the lawsuit subject to a reservation of rights. To the extent that Southeastern Car Wash Systems is found liable in the Bradley County Circuit Court, Southeastern Car Wash Systems, through Martin and Sonia Miller and Miller Electric, Inc., intends to seek indemnification from Auto Owners under the policy for any judgment rendered therein.

22. The court should find that there is coverage under the policy for Southeastern Car Wash Systems, the "d/b/a" name for Miller Electric, Inc., and/or its wholly owned division, because at all relevant times there was no change or increase in the risk covered by the policy, as Southeastern Car Wash Systems has been operating as a "d/b/a" name of Miller Electric, Inc., and/or wholly owned division, in the distribution and installation of car wash systems on behalf of Miller Electric, Inc. since 2010.

23. Auto Owners Insurance Company, by and through its agents and employees, including but not limited to Mann, Smith & Cummings insurance agency, knew or should have known that Miller Electric, Inc. has been operating using the "d/b/a" name Southeastern Car Wash Systems, as premiums have been paid to Auto Owners from an account bearing that name since 2010, including for the relevant policy period effective July 23, 2014 to July 23, 2015.

23. The plaintiffs in the Bradley County lawsuit have recently filed a Motion for Leave to Amend Complaint. The Motion asks for permission "to correct the name of one of the defendants to be Southeastern Car Wash Systems and/or Miller Electric, Incorporated." A copy of the Motion to Amend is attached hereto as **Exhibit 4**. The Motion to Amend is set for hearing in the Bradley County Circuit Court on September 30, 2015. If the motion is granted and the plaintiffs in the underlying lawsuit are allowed to change the name of "Southeastern Car Wash Systems" to "Southeastern Car Wash Systems and/or Miller Electric, Incorporated," this declaratory judgment action will be moot, as it is undisputed that Miller Electric, Inc. is an insured entitled to coverage under the policy. Because Southeastern Car Wash Systems is a "d/b/a" of Miller Electric, Inc. and/or wholly owned division of Miller Electric, Inc., Auto

Owners has a duty to defend and indemnify Miller Electric, Inc. d/b/a Southeastern Car Wash Systems in the lawsuit.

24. Miller Electric, Inc. d/b/a Southeastern Car Wash Systems hereby seeks a declaration that it is entitled to coverage under the policy issued to Miller Electric, Inc. for the claims alleged against it in the Circuit Court for Bradley County, and accordingly that Auto Owners is obligated to defend Southeastern Car Wash Systems in the lawsuit, and to indemnify it should any judgment be rendered therein.

WHEREFORE, Miller Electric, Inc. d/b/a Southeastern Car Wash Systems prays:

1. That process be issued and served on the defendant, Auto Owners Insurance Company;

2. That this matter be tried before a jury of eight (8) persons;

3. That upon a trial of this matter, the court enter an order declaring that Auto Owners has a duty to defend Southeastern Car Wash Systems for the claims brought against it in the civil action brought in Bradley County Circuit Court styled <u>Theresa Evans, Theresa Evans d/b/a Island Oasis, and D'Alton Properties, LLC v. Southeastern Car Wash Systems and D&S Car Wash Equipment Company, and John Does</u>, Docket No. V-15-287;

4. That upon a trial of this matter, the court enter an order declaring that Auto Owners has a duty to indemnify Southeastern Car Wash Systems for the claims brought against it in the civil action brought in Bradley County Circuit Court styled <u>Theresa Evans, Theresa Evans d/b/a Island Oasis, and D'Alton Properties, LLC v. Southeastern Car Wash Systems and D&S Car Wash Equipment Company, and John Does</u>, Docket No. V-15-287;

5. That the court find, alternatively, that, should the Bradley County Circuit Court permit the plaintiffs to amend the Complaint in the underlying lawsuit to name change the

name of "Southeastern Car Wash Systems" to "Southeastern Car Wash Systems and/or Miller Electric, Incorporated," this declaratory judgment action will be moot, as it is undisputed that Miller Electric, Inc. is an insured entitled to coverage under the policy, and Southeastern Car Wash Systems is a "d/b/a" of Miller Electric, Inc. and/or wholly owned division of Miller Electric, Inc., and as such Auto Owners has a duty to defend and indemnify Miller Electric, Inc. d/b/a Southeastern Car Wash Systems and/or Southeastern Car Wash Systems, a wholly owned division of Miller Electric, Inc. in the lawsuit.

   6. For such other general relief as the court may deem equitable under the circumstances of this case.

                Respectfully submitted,

                **TRAMMELL, ADKINS & WARD, P.C.**

                By  s/ Terrill L. Adkins
                  Terrill L. Adkins, BPR #013138
                  Hannah S. Lowe, BPR #029281
                  Attorneys for Miller Electric, Inc. d/b/a
                  Southeastern Car Wash Systems
                  P.O. Box 51450
                  Knoxville, Tennessee  37950
                  terryadkins@tawpc.com (email)
                  (865) 330-2577 (phone)
                  (865) 330-2578 (fax)

## CERTIFICATE OF SERVICE

       I hereby certify that on September 30, 2015, a copy of the foregoing Complaint and Counterclaim was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                            **TRAMMELL, ADKINS & WARD, P.C.**

                            By:    s/Terrill L. Adkins
                                  Terrill L. Adkins, Esq.